IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> DONALD WAYNE INGRAM, ) <br> ) <br> Defendant. ) | Case No. 7:14CR00025 <br><br> **OPINION AND ORDER** <br><br> By: James P. Jones <br> United States District Judge |

*Michael Baudinet, Assistant United States Attorney, Roanoke, Virginia, for United States; Donald Wayne Ingram, Pro se.*[1]

The defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth hereafter, it is **ORDERED** that the motion, ECF No. 55 is DENIED.

The defendant was sentenced by the late District Judge Glen E. Conrad of this court by judgment entered October 17, 2014, to 180 months imprisonment. He is currently incarcerated at FCI Petersburg Low and has a projected release date of September 28, 2026. The grounds of the defendant's motion are the dangers posed to him by the COVID-19 pandemic and a desire to care for his father, who has cancer.

---

[1] The Federal Public Defender was appointed to represent the defendant in connection with the current motion, but declined to do so and requested that the defendant be allowed to proceed pro se. Notice, July 27, 2021, ECF No. 65.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant.

In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

The defendant states that he suffers from diabetes, high blood pressure, and asthma, which increase his risk of serious illness from COVID-19. He concedes, however, that he has been fully inoculated against SARS-CoV-2, the virus that causes COVID-19. He received his second dose of the Pfizer-BioNTech vaccine on March 23, 2021. The Centers for Disease Control and Prevention indicates that this vaccine is 95% effective at preventing COVID-19-induced serious illness. Centers for Disease Control and Prevention, *Pfizer-BioNTech Covid-19 Vaccine Overview*

*and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Aug. 18, 2021).  I find that the risk posed to Ingram by COVID-19 does not amount to an extraordinary and compelling reason warranting his release.

In a supplemental filing, Ingram states that his father has been diagnosed with stage four lymphoma and that his mother is a petite woman who is unable to care for his father by herself.  Resp. 1, ECF No. 66.  He wishes to be released to home confinement so that he can care for his father.  According to Ingram, his father's physicians have indicated that he has a 50% chance of recovery.  *Id.*  While I sympathize with Ingram and his parents in this circumstance, I do not believe he has met his burden of establishing an extraordinary and compelling reason for immediate release.  Among other deficiencies, the court does not have sufficient information to conclude that Ingram is the only person who could adequately care for his father.

Even if I were to conclude that Ingram had established an extraordinary and compelling reason as required by the statute, I would deny relief based on my consideration of the § 3553(a) factors.  Ingram has been in custody since March 5, 2014, meaning he has served approximately seven and a half years of his sentence, with about five years remaining, accounting for good time credit.  Ingram's offense conduct was very serious.  He pled guilty to sexual exploitation of a minor.  The Presentence Investigation Report (PSR) indicates that Ingram produced sexually

explicit images and video of a 16-year-old boy who had run away from home. PSR ¶ 5, ECF No. 51. A coconspirator engaged in sex acts with the minor, which Ingram recorded. A witness reported that the coconspirator had stated that Ingram had caused the minor to become intoxicated. *Id.* ¶ 7. This was the first time the minor had consumed alcohol; he also snorted a pain pill with Ingram and the coconspirator. *Id.* ¶ 10. The coconspirator told the witness that "the minor became upset when he saw the video the next day because he stated he was heterosexual and would never be willing to have sex with a male." *Id.* ¶ 7. Ingram was aware of the minor's age and instructed him to falsely tell the coconspirator that he was 18 years old. *Id.* ¶ 9. After the minor was seen with Ingram and the coconspirator at a Walmart and a passerby recognized him from a missing person report, Ingram drove the minor to North Carolina and left him at a grocery store there.

    Ingram accepted responsibility for his acts, and in his motion, he expresses remorse. He states that he intends to undergo sex therapy upon his release from prison. Even so, I find that releasing Ingram after he has served just seven and a half years would not adequately reflect the seriousness of his offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes of the defendant. Moreover, the defendant has not provided his prison disciplinary record or other evidence of his conduct while incarcerated. I therefore conclude, based on

the limited information before me, that the § 3553(a) factors weigh against releasing Ingram.

For these reasons, it is **ORDERED** that the defendant's motion, ECF No. 55, is DENIED.

          ENTER: August 19, 2021

          /s/ JAMES P. JONES
          United States District Judge